UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZAKIYYAH SABREE, Administratrix of the Estate of NAILAH WILLIAMS-SABREE, | : : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 06-2164 (consolidated with 07-2936) |
| v. | : | |
| DONNYELL WILLIAMS, et al. | : | Memorandum Opinion |
| Defendants. | : | |

This matter comes before the Court upon Petition of Plaintiff Zakiyyah Sabree, Administratrix of the Estate of Nailah Williams-Sabree, to Request Certification Pursuant to 28 U.S.C. §1292 and to Stay Proceedings Under Docket Number 06-2164 Pending Appeal. The Court has considered the submissions of the parties, including the opposition papers filed by both the United States of America Defendants[1] and Defendant Donnyell Williams. For the reasons that follow, the petition for certification is denied.

The Plaintiff in this case, Zakiyyah Sabree, is the natural mother of Nailah Williams-Sabree. Nailah was murdered by her step-mother, April Williams at their home on the Maguire Air Force Base in New Jersey. On behalf of Nailah's Estate, Plaintiff instituted two actions in this Court, which were consolidated. The Defendants in this case are Donnyell Williams, Nailah's biological father, and the United States of America, United States Air Force, and Michael W. Wynne, Secretary of the United States Air Force. The Court's June 30, 2008 Opinion and Order denied Defendant Williams'

---

[1]In addition to the government, the United States Defendants includes the United States Air Force and Michael W. Wynne, Secretary of the United States Air Force.

motion for summary judgment and granted the United States Defendants' motion to dismiss. Plaintiff filed a notice of appeal of that Opinion and Order on July 7, 2008 and this petition for certification on July 23, 2008.

In support of her motion for Request for Certification for Interlocutory Appeal, Plaintiff contends that there are two issues in the June 30, 2008 Opinion and Order that meet the criteria for certification: 1) "That Plaintiff's pleadings contain ample and substantial material facts which form the basis of an actionable duty of care upon the United States of America to form the basis for subject matter jurisdiction", and 2) "That Plaintiff's complaint alleges sufficient facts to state a claim and proximate cause sufficient to permit this matter to proceed through discovery, especially since proximate cause and foreseeability are the subject of expert testimony." See Plaintiff's Cert. Brief at p. 3.

Certification for an interlocutory appeal is appropriate if the appeal "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To succeed, the petitioner bears the burden of demonstrating all three criteria. Katz v. Carte Blanche Corp., 496 F.2d 747, 754-755 (3d Cir. 1974); Levine v. United Healthcare Corp., 285 F. Supp. 2d 552, 556 (D.N.J. 2003) However, satisfaction of these criteria alone does not guarantee certification as the district court may exercise its discretion and deny certification. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976)(citing Katz, 496 F.2d at 754). Moreover, a district court should exercise this discretion and certify issues for interlocutory appeal only "sparingly" and in "exceptional circumstances". Cardona v.

General Motors Corp., 939 F. Supp. 351, 353 (D.N.J. 1996)(citation omitted); Hulmes v. Honda Motor Co., 936 F.Supp. 195, 208 (D.N.J.1995).

A "controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." Katz, 496 F.2d at 755. Both issues identified by Plaintiff would require a new trial if this Court's Opinion and Order were reversed on appeal. However, Plaintiff is unable to satisfy the remaining criteria for certification.

"[A] party's mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b). Rather, the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard." Cardona, 939 F. Supp. at 353. Plaintiff's arguments demonstrate disagreement with the Court's decision and with the Court's application of the cases cited by Plaintiff in support of her Opposition to the Motion to Dismiss. In both her papers and during oral argument, Plaintiff advocated her position artfully and thoroughly. The fact that Plaintiff disagrees with the Court, however, does not demonstrate a "substantial ground for difference of opinion within the meaning of §1292(b)." See Hulmes, 936 F.Supp. at 208 (internal quotations omitted).

In reaching its decision, the Court analyzed the cases cited by Plaintiff, none of which, as Plaintiff admits, were directly on point, and ruled that there was no actionable duty ascribed to the United States Defendants. In addition to the lack of legal precedent, Plaintiff admits that the finding of an actual duty as to the United States Defendants required application of "parallel circumstances that can be imagined." Plaintiff's Cert. Brief at p. 7. While Plaintiff's arguments in her motion papers and during oral argument

were creative, and somewhat novel, they were unavailing against the backdrop of well-settled federal and New Jersey state law principles.  See <u>Harter v. GAF Corp.</u>, 150 F.R.D. 502, 518 (D.N.J. 1993) (describing a "substantial ground for difference of opinion" as "whether other courts have substantially differed in applying that standard")(citation omitted).  And Plaintiff's contention that this is a case of first impression is not necessarily dispositive as to this criterion.  See <u>Singh v. Diamler-Benz, AG</u>, 800 F.Supp. 260 (E.D.Pa. 1992)(where the Court refused to certify for interlocutory appeal an issue of first impression in this circuit.)

     Moreover, as to Plaintiff's argument regarding proximate cause, the Court analyzed the cases cited by Plaintiff in support of her Opposition to the Motion to Dismiss and distinguished these cases from the situation at bar.  Plaintiff's disagreement with the Court on this issue is unsupported by legal precedent and, therefore, does not constitute a "substantial ground for difference of opinion."

     Finally, the Court is not persuaded that an immediate appeal of these issues would materially advance the ultimate outcome of the litigation.  While a reversal of this Court's Opinion and Order may result in a trial for the United States Defendants, assuming the parties survive summary judgment, it may not be necessary to retry the case against Defendant Williams.  Furthermore,  Plaintiff's argument that Defendant Williams would be financially prejudiced is unavailing given his Opposition to the instant application for certification.

     The Court finds that there are no controlling issues of law as to which there is a substantial ground for difference of opinion.  Further, an immediate appeal of the Court's June 30, 2008 Opinion and Order will not materially advance the ultimate

outcome of the litigation.  Finally, exercising the discretion afforded under 28 U.S.C. § 1292, the Court is not inclined to certify the June 30, 2008 Opinion and Order for interlocutory appeal.  For all of these reasons, the motion [46] is denied.  An appropriate Order will follow.

Dated : October  2 , 2008

                                                          /s/ Joseph H. Rodriguez
                                                     JOSEPH H. RODRIGUEZ,
                                                     United States District Judge